UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

IV Media, LLC and
IV Media Properties, LLC

           Plaintiff(s)          Case No:       25-cv-01358-JMB-ECW

v.

Pontus IMB Portfolio, LLC, and
Pontus Net Lease Advisors, LLC     **Response to Objection to Notice of Removal and,
in the alternative, Request for Referral to
Bankruptcy Court**

           Defendant(s)

Defendants Pontus IMB Portfolio, LLC and Pontus Net Lease Advisors, LLC ("Defendants") submit this response to the letter of Plaintiffs IV Media, LLC and IV Media Properties, LLC ("Plaintiffs") dated May 6, 2025 (the "Letter") objecting with respect to Defendants' Notice of Removal filed pursuant to Fed. R. Bankr. P. 9027 with the Bankruptcy Court on May 2, 2025 and with this Court on May 5, 2025.

1.      Defendants maintain that this case should proceed before the Bankruptcy Court for the District of Minnesota. Plaintiffs decision to file this action in District Court is itself a troubling example of forum shopping, given that the Plaintiffs' claims arise under the Bankruptcy Code and originate from a bankruptcy case pending in the District of Delaware.

2.      As set forth in the Notice of Removal, Plaintiffs allege that they acquired substantially all of the assets of the debtors in *In re iMedia Brands, Inc., et al.*, Court File Number 1:23-bk-10852-KBO (Bankr. D. Del.) (the "iMedia Bankruptcy Case") as a result of certain transactions approved in the iMedia Bankruptcy Case in the United

States District Court for the District of Delaware. The claims at issue allegedly stem from a sale under 11 U.S.C. § 363 and assumption and assignment of a lease under 11 U.S.C. § 365. (*See* Compl., ¶¶ 129-131, Ex. 6). Plaintiffs' claims entirely arise under the Bankruptcy Code (*e.g.,* Compl. at Count I-IV, 11 U.S.C. §§ 548, 550) and seek interpretation and application of a specific provision of the Bankruptcy Code (Compl. at Count V, 11 U.S.C. § 365(e)). The chapter 11 iMedia Bankruptcy Case remains pending in the United States Bankruptcy Court for the District of Delaware. The Plaintiffs further allege in the Complaint that they "stand in the shoes" of the Bankruptcy Trustee in the iMedia Bankruptcy Case. (*See e.g.* Compl, ¶¶ 143, 157).

3.    While District Courts have original with jurisdiction over bankruptcy proceedings, 28 U.S.C. § 157 states that the District Court may provide that any proceedings arising under title 11 or related to a case under title 11 shall be referred to the bankruptcy court. That is precisely what the District Court here has done.

4.    The Local Rules for the Bankruptcy Court for the District of Minnesota explicitly refer all such actions to the Bankruptcy Court. S*ee* Bankr. Local Rule 1070-1 ("All bankruptcy cases and proceedings, including any claim or cause of action that is removed under 28 U.S.C. §1452 or Federal Rule of Bankruptcy Procedure 9027, are referred to the bankruptcy judges and shall be assigned among them according to orders made by them. The bankruptcy judges are specially designated to conduct jury trials pursuant to 28 U.S.C. §157(e)."). This Rule is explicitly promulgated by the District Court and states that such proceedings are referred and **shall be assigned** to a bankruptcy judge.

5.      Moreover, Local Rule 1070-1 specifically references Rule 9027 for removal of actions under 28 U.S.C. §1452 <u>or</u> Federal Rule of Bankruptcy Procedure 9027, indicating that an action can be removed under Rule 9027.  Rule 9027 then states that the notice of removal must be filed with the clerk for the district and division where the state <u>or federal civil action is pending.</u>" Fed. R. Bank. P. 9027 (emphasis added). The meaning of the underscored language indicates that the notice of removal may be filed with respect to a pending federal civil action, such as this, and not solely with respect to state law proceedings. This seems particularly true when the District Court has already explicitly referred all bankruptcy proceedings to the Bankruptcy Court. As such, the Plaintiffs maintain that Rule 9027 on its face provides a process for transfer from the District Court to the Bankruptcy Court, particularly where a rule requiring the referral of such matters exists.

6.      For these reasons, the Court should direct the parties to proceed with the procedures outlines in Fed. R. Bankr. P. 9027, and allow Judge Fisher in the Bankruptcy Court to oversee this action in the pending adversary proceeding (Adv. Pro. No. 25-03043).

7.      To the extent that the Court determines, notwithstanding Fed. R. Bankr. P. 9027(c), that the Notice of Removal is ineffective or that Rule 9027 is not the proper procedure to refer this proceeding to the Bankruptcy Court under Local Rule 1070-1, then, in the alternative, Defendants respectfully request that the District Court refer this case to Bankruptcy Court for the District of Minnesota as provided and required under Minnesota Local Bankruptcy Rule 1070-1. As detailed above, based on the allegations set

forth in the Complaint, the claims arise under the bankruptcy code and are core proceedings under 11 U.S.C. § 157(1), (b)(2)(H), (M)-(O).

8.      As Plaintiffs indicate they intend to further object to the Notice of Removal at some point the future, Defendants reserve all rights in addressing any further arguments propounded by Plaintiffs.

Dated:  May 7, 2025                    /s/ Christopher J. Harayda
                                        Christopher J. Harayda (#0390333)
                                        **STINSON LLP**
                                        50 South Sixth Street, Suite 2600
                                        Minneapolis, MN 55402
                                        Telephone: (612) 335-1500
                                        c.j.harayda@stinson.com

                                        ***ATTORNEY FOR DEFENDANTS PONTUS
                                        IMB PORTFOLIO, LLC AND PONTUS NET
                                        LEASE ADVISORS, LLC***